UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80178-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

RYAN HEATH MATTHEW TELSON,

Defendant.
______________________________/

PLEA AGREEMENT

The United States of America and Ryan Heath Matthew Telson (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 3 of the Indictment. Count 1 charges the defendant with receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2). Count 3 charges the defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). In exchange for the defendant's guilty plea to Counts 1 & 3, the government agrees to dismiss Count 2 at sentencing.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that

advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court must impose on Count 1 a mandatory minimum term of five (5) years' imprisonment up to a maximum term of twenty (20) years' imprisonment, and on Count 3 the court may impose a statutory maximum term of 20 years' imprisonment. The defendant also understands that in addition to any terms of imprisonment, the court must impose a term of supervised release on each count of at least five years up to life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 on each count, and shall order the defendant to pay restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant on each count for a total of $200 which shall be paid at the time of sentencing. It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the

court as to the reasons for his failure to pay. Furthermore, the court shall impose an additional special assessment in the amount of $5,000 on the defendant if the court determines that the defendant is non-indigent. This additional special assessment shall be paid after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the

government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion and this recommendation or the recommendations contained in paragraph 7, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and

personal property, cash and other monetary instruments, wherever located, which the defendant or others to his/her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

9. Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 2428 and 2253, including the following: one (1) Cooler Master Tower, Crucial 256 Sold State hard drive, Serial number 14400D6627E1; and one (1) Western Digital hard drive, Serial Number WCANKC697493. The defendant agrees that the above listed property represents a visual depiction, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the law, or property used or intended to be used to commit, facilitate, or promote the commission of the offense to which the defendant is pleading guilty.

10. Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any

documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly and voluntarily waives the following rights as to property subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

11. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 4/19/17 By: ____________________
MARK DISPOTO
ASSISTANT UNITED STATES ATTORNEY

Date: 4/19/17 By: ____________________
PHILIP HOROWITZ
ATTORNEY FOR DEFENDANT

Date: 4/19/17 By: ____________________
RYAN HEATH MATTHEW TELSON
DEFENDANT